UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **IVERA MEDICAL CORP.**<br>3525 Del Mar Heights Road, Ste. 430<br>San Diego, CA 92310<br><br>Plaintiff,<br><br>vs.<br><br>**CLINICAL TECHNOLOGY, INC.**<br>One Corporation Center<br>Broadview Heights, Ohio 44147<br><br>and<br><br>**CATHETER CONNECTIONS, INC.**<br>2455 East Parleys Way, Suite 150<br>Salt Lake City, UT 84109,<br><br>Defendants. | )<br>)<br>)<br>) CASE NO.<br>)<br>)<br>)<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>) **COMPLAINT**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff Ivera Medical Corporation ("Ivera") brings this action against Clinical Technology, Inc. ("CTI") and Catheter Connections, Inc. ("Catheter Connections"), and alleges as follows:

## PARTIES

1. Plaintiff Ivera is a California corporation with its principal place of business at 10805 Rancho Bernardo Road, Suite 100, San Diego, CA 92127.

2. Defendant CTI, upon information and belief, is a citizen of the State of Ohio and is a resident of Cuyahoga County.

3. Defendant Catheter Connections is a Delaware corporation with its principal place of business at 2455 E. Parleys Way, Suite 150, Salt Lake City, Utah, 84109.

## JURISDICTION AND VENUE

4. This is a civil action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. §§ 1, *et seq*.

5. This Court has jurisdiction over the subject matter of the Complaint pursuant to 28 U.S.C. §§1331 and 1338.

6. This Court has personal jurisdiction over CTI because it is a citizen of the state of Ohio. This Court has personal jurisdiction over Catheter Connections because Catheter Connections purposefully ships the infringing products through established distribution channels into the State of Ohio and is engaged in substantial and regular business in the State of Ohio.

7. Venue is proper under 28 U.S.C. §§1391(b) and 1400.

## BACKGROUND

8. On September 16, 2014, United States Patent No. 8,834,650 (the "'650 patent") for an invention entitled "Medical Implement Cleaning Device" was duly and legally issued by the United States Patent and Trademark Office.

9. Ivera, as the assignee, owns the entire right, title and interest in the '650 patent.

10. On information and belief, CTI has made for it, uses, offers to sell, and sells the infringing DualCap Light Blue (LB) IV-Pole Strips product (collectively referred to herein as the "Accused Product").

11. Catheter Connections has made for it, imports into the United States, uses, offers to sell, and sells the Accused Product.

12. The Accused Product infringes one or more claims of the '650 patent in the United States within the meaning of 35 U.S.C. § 271.

## FIRST CAUSE OF ACTION

### (INFRINGEMENT OF THE '650 PATENT)

13. Plaintiff realleges and incorporates the previous paragraphs of this Complaint as though set forth in full herein.

14. CTI has made for it, uses, has used, offers for sale, offered for sale, sells, and sold in the United States the Accused Product, which literally and under the doctrine of equivalents infringes one or more claims of the '650 patent in violation of 35 U.S.C. §271.

15. CTI has been and is now infringing by contributing to or inducing their customers to use, sell, offer to sell, and/or import, in this District and elsewhere in the United States, Accused Products, covered by one or more claims of the '650 patent, all to the injury of Plaintiff. The Accused Products have no substantial non-infringing uses and are specially designated to work with the patented invention. On information and belief, CTI's acts of infringement were done with knowledge of the '650 patent and with the intent to encourage infringement. CTI's acts of infringement have injured and damaged Plaintiff.

16. Catheter Connections makes, has made for it, uses, has used, offers for sale, offered for sale, sells, sold, imports, and/or imported into the United States the Accused Product, which literally and under the doctrine of equivalents infringes one or more claims of the '650 patent in violation of 35 U.S.C. §271.

17. Catheter Connections has been and is now infringing by contributing to or inducing their customers to use, sell, offer to sell, and/or import, in this District and elsewhere in the United States, Accused Products, covered by one or more claims of the '650 patent, all to the injury of Plaintiff. The Accused Products have no substantial non-infringing uses and are specially designated to work with the patented invention. On information and belief, Catheter Connections' acts of infringement were done with knowledge of the '650 patent and with the intent to encourage infringement. Catheter Connections' acts of infringement have injured and damaged Plaintiff.

18. Plaintiff has been damaged and has suffered irreparable injury due to acts of patent infringement by CTI and will continue to suffer irreparable injury unless CTI's activities are enjoined.

19. Plaintiff has been damaged and has suffered irreparable injury due to acts of patent infringement by Catheter Connections and will continue to suffer irreparable injury unless Catheter Connections' activities are enjoined.

20. Plaintiff has suffered and will continue to suffer substantial damages by reason of CTI's acts of patent infringement alleged above, and is entitled to recover from CTI the damages sustained as a result of CTI's acts.

21. Plaintiff has suffered and will continue to suffer substantial damages by reason of Catheter Connections' acts of patent infringement alleged above, and is entitled to recover from Catheter Connections the damages sustained as a result of Catheter Connections' acts.

22. CTI's infringement of the '650 patent has been and continues to be willful.

23. Catheter Connections' infringement of the '650 patent has been and continues to be willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered by this Court in its favor and against CTI and Catheter Connections as follows:

A. That CTI and Catheter Connections have infringed the '650 patent;

B. Preliminarily and permanently enjoining and restraining CTI, Catheter Connections, their agents, affiliates, subsidiaries, servants, employees, officers, directors, attorneys and those persons in active concert with or controlled by them from further infringing the '650 patent;

C. For an award of damages adequate to compensate Plaintiff for the damages suffered as a result of CTI's and Catheter Connections' conduct, including pre-judgment interest;

  D. That CTI and Catheter Connections be directed to withdraw from distribution all infringing products, whether in the possession of CTI, Catheter Connections, or their distributors or retailers, and that all infringing products or materials be impounded or destroyed;

  E. For monetary damages in an amount according to proof;

  F. That any such money judgment be trebled as a result of the willful nature of CTI's and Catheter Connections' infringement;

  G. For interest on said damages at the legal rate from and after the date such damages were incurred;

  H. That this is an exceptional case and for an award of Plaintiffs' attorney fees and costs; and

  I. For such other relief as the Court may deem just and proper.

Respectfully submitted,

*/s/Megan D. Dortenzo*
Megan D. Dortenzo (0079047)
*Megan.Dortenzo@ThompsonHine.com*
Arthur P. Licygiewicz (0068458)
*Art.Licygiewicz@ThompsonHine.com*
Matthew D. Ridings (0079402)
*Matt.Ridings@ThompsonHine.com*
Nancy M. Barnes (0074744)
*Nancy.Barnes@ThompsonHine.com*

**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 566-5500
Fax: (216) 566-5800

Jonathan Hangartner (Cal. Bar No. 196268)
(*to be admitted pro hac vice*)
*jon@x-patents.com*

**X-PATENTS, APC**
5670 La Jolla Blvd.
La Jolla, CA  92037
Telephone:  (858) 454-4313
Fax:  (858) 454-4314

*Attorneys for Plaintiff Ivera Medical Corp.*

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff hereby requests a trial by jury as to all issues so triable.

*/s/ Megan D. Dortenzo*

*An Attorney for Plaintiff Ivera Medical Corp.*